UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 11-1548 DSF (FMOx) | Date | 8/2/11 |
|---|---|---|---|
| Title | Guillermo Soto Montalvo, et al. v. OneWest Bank, FSB | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART and DENYING IN PART Motion to Dismiss (Docket No. 32)

## I. BACKGROUND

Plaintiff Guillermo Soto Montalvo has sued Defendant OneWest Bank, FSB, for himself and on behalf of a class, claiming that Defendant fraudulently offered borrowers loan modifications with no intention of ever providing such modifications. Defendants are alleged to have done this for the purpose of tricking borrowers into repaying funds prior to foreclosure that would not have been recoverable through foreclosure. (See First Amended Complaint ("FAC") ¶¶ 20, 21, 51.) Plaintiff alleges that this scheme violated the Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Act, and is unlawful, unfair, and fraudulent for the purposes of California's Unfair Competition Law, California Business & Professions Code § 17200 ("UCL"). Defendant has moved to dismiss all claims and for an order that the proposed class cannot be certified. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (ellipsis in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

original; internal quotation marks omitted). But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. at 1949 (alteration in original; internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. at 1950 (alteration in original; internal quotation marks and citation omitted).

### III. ANALYSIS

**A.     The Court Has Subject Matter Jurisdiction**

Defendant argues the Plaintiff's claims are barred by a failure to comply with the administrative procedures of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989. This argument relies on the false premise that Plaintiff's claims are based on actions taken by Indymac Federal Bank, FSB, a failed institution that was taken over by the Federal Deposit Insurance Corporation. It is clear from even a cursory inspection of the FAC that Plaintiff's claims are not based on the actions of Indymac; all claims are based on the actions of Defendant. While there are background allegations in the FAC related to the actions of Indymac, these allegations are not the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

basis of any of the actual claims.

**B.     Plaintiff's FDCPA and Rosenthal Act Claims Are Barred By the Applicable Statutes of Limitations**

Plaintiff does not appear to contest that his FDCPA and Rosenthal Act claims would be barred by the applicable statutes of limitations if not for equitable tolling. Plaintiff acknowledges that he was aware of the relevant facts concerning the denial of his individual loan modification request prior to the expiration of the limitations period, but alleges that he only became aware of Defendant's true fraudulent intent as of December 26, 2010. (See FAC ¶ 52.) This intent apparently was manifested by Defendant's rejection of the modification requests of "other borrowers." (Id.) The Court finds that Plaintiff's allegations of equitable tolling are not sufficient to survive a motion to dismiss. First, nothing in the facts pleaded suggests Plaintiff would not have been on notice to investigate his claims as of the time of the denial of his personal modification. The significance of the December 26, 2010 date is also unclear. And Plaintiff fails to explain why he could not have learned of the other denials of modifications before that time. Finally, it is not clear why the lone fact that Defendant denied other loan modification requests implies Defendant's fraudulent intent in a way that would not have been manifest at the time Plaintiff's requested modification was denied – i.e., nothing in the FAC suggests why the mere fact of a large number of denials implies that the original offers were fraudulent.

**C.     Plaintiff's UCL Claim is Not Preempted**

Defendant argues that Plaintiff's UCL claim is preempted by 12 C.F.R. § 560.2, promulgated under the Home Owners Loan Act. This regulation provides for relatively broad preemption of state law by federal laws and regulations concerning federal thrifts. The Ninth Circuit has adopted the procedure set out by the regulation for evaluating claims of preemption of state law:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

favor of preemption.

Silvas v. E*Trade Mortg. Co., 514 F.3d 1001, 1005 (9th Cir. 2008) (quoting 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)).

Defendant claims that Plaintiff's "fraudulent" conduct UCL Claim is preempted by § 560.2(b)(10), which provides that state laws "purporting to impose requirements regarding . . . servicing . . . of . . . mortgages" are preempted. 12 C.F.R. § 560.2(b)(10).[1]

The Court finds that the UCL's generic fraud proscriptions do not "purport[] to impose requirements regarding . . . servicing . . . of . . . mortgages." The OTS has considered the application of 12 C.F.R. § 560.2 to the provisions of Indiana's unfair competition law prohibiting "deceptive acts and practices." OTS Letter P-96-14 (Dec. 24, 1996). In that opinion letter, OTS legal staff found that this aspect of the Indiana law was not preeempted by § 560.2: "[B]ecause federal thrifts are presumed to interact with their borrowers in a truthful manner, [a] general prohibition on deception should have no measurable impact on their lending operations." OTS Letter P-96-14 at § II.C.

The Court further finds that the OTS opinion is subject to Auer deference. Auer deference requires courts to defer to an agency's interpretation of its own regulations in many circumstances. See Auer v. Robbins, 519 U.S. 452 (1997).

> To determine whether an agency's interpretation of its own regulation is accorded deference, this court conducts a two-step inquiry. First, deference is warranted only when the language of the regulation is ambiguous; otherwise, "[t]o defer to the agency's position would be to permit the agency, under the guise of interpreting a regulation, to create de facto a new regulation." Second, if the regulation is ambiguous, then the agency's interpretation of it is

---

[1] In its supplemental brief, Defendant changes tactics somewhat and essentially concedes that "preemption probably would not apply" to a straightforward fraud claim. (Def. Suppl. Br. at 5.) Defendant then argues that Plaintiff has not really pleaded a fraud claim, but instead seeks to impose substantive servicing requirements on Defendant "lest [Defendant] be deemed to have misled them." This is a skewed reading of the complaint. Plaintiff does not argue that Defendant should be "deemed" as a matter of law to have committed fraud based on its servicing procedures. Plaintiff argues that Defendant's offer of a loan modification option was not made in good faith as evidenced, in part, by conduct inconsistent with a good faith offer.

In its supplemental brief, Defendant also argues for the first time that Plaintiff's fraud claims do not meet the requirements of Rule 9(b). The Court will not consider this belated argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

controlling unless plainly erroneous or inconsistent with the regulation. Casares-Castellon v. Holder, 603 F.3d 1111, 1112-13 (9th Cir. 2010) (internal citations omitted).

Defendant argues that Auer deference is not appropriate because the regulation in question unambiguously preempts the California UCL fraud provisions by preempting state laws "purporting to impose requirements regarding . . . servicing . . . of . . . mortgages." See 12 C.F.R. § 560.2(b)(10). The Court disagrees. In fact, the OTS appears to believe that a general deceptive practices prohibition is unambiguously not covered by the enumerated categories of preempted state laws. See OTS Letter P-96-14 at § II.C ("State laws prohibiting deceptive acts and practices in the course of commerce are not included in the illustrative list of preempted laws in § 560.2(b).").

Defendant further argues that even if Auer deference could apply here, the more relevant OTS discussion on the subject is found in OTS Letter P-99-3. OTS Letter P-99-3 discusses three specific ways in which the California UCL "unfair competition" prong and the California False Advertising Law were being used to enforce advertising restrictions, restrict the ability of lenders to require insurance on property securing loans, and restrict loan related fees. The OTS went out of its way to stress the narrowness of its finding:

> We wish to emphasize the extremely limited nature of our preemption determination here. Our finding of preemption is only based on how the UCA [UCL] has been used by private and governmental plaintiffs to set standards in the three specific areas of a thrift's lending operations discussed herein, areas that have traditionally been governed by federal law. We do not preempt the entire UCA or its general application to federal savings associations in a manner that only incidentally affects lending and is consistent with the objective of allowing federal savings associations to operate in accordance with uniform standards.

OTS Letter P-99-3 at 18.

As noted by the OTS in Letter P-99-3, "the Indiana Deceptive Acts and Practices Statute did not attempt to regulate the content of a federal savings association's advertising or the amount of a loan-related fee, but rather, sought only to protect the integrity of such representations and charges once made." Id. at 13 n.63. Similarly, Plaintiff's application of the UCL does not regulate Defendant's representations but rather seeks "to protect the integrity of such representations" once made. While it may be possible that the UCL fraud provisions could be applied in a way that would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

preempted by § 560.2, this is not such a situation. Here, Plaintiff does not seek to impose any servicing requirements at all. Plaintiff does not suggest that the UCL forced Defendant to offer him a loan modification. He only argues that Defendant cannot lie about the possibility of a modification in a fraudulent scheme to exact money that Defendant could not have otherwise recovered under applicable law.

Even if Auer deference did not apply, the Court would reach the same conclusion. This application of general fraud prohibitions – as alleged by Plaintiff – has nothing to do with placing requirements on loan servicing. Plaintiff only seeks to hold Defendant to the same general standards of fair and lawful behavior applicable to all businesses. The OTS explicitly recognized when it promulgated § 560.2 that subsection (c) is designed "to preserve the traditional infrastructure of basic state laws that undergird commercial transactions." 61 Fed. Reg. at 50966. To the degree that Plaintiff's claims affect lending or servicing of mortgages, it is only to argue that thrifts cannot do so in a fraudulent manner. This would appear to be exactly the kind of "traditional infrastructure of basic state laws that undergird commercial transactions" that the OTS intended to preserve. Similarly, state contract law is presumably not preempted even though it undoubtably affects lending and servicing. (Perhaps some thrifts would like to adopt serial breach of contract as a lending practice. Section 560.2 would not shield them from suits challenging such a practice.) Further, fraud claims appear to be one of the types of state laws that the Office of Thrift Supervision did not intend to preempt in § 560.2. See 12 C.F.R. § 560.2(c)(4) ("tort law" not preempted); see also 12 C.F.R. § 560.2(c)(1) ("contract and commercial law" not preempted).

The Court also agrees with the Seventh Circuit's well-reasoned opinion discussing many of the same issues. See In re Ocwen Loan Servicing, LLC Mortgage Servicing Litigation, 491 F.3d 638 (7th Cir. 2007). In addition to the general points discussed above, the Seventh Circuit noted that the OTS has no power to adjudicate disputes between thrifts and their customers, and there is no private right of action under HOLA. See id. at 643. This further implies that the OTS did not intend to preempt ordinary common law claims that might arise between a thrift and its customers that have nothing to do with any specific restrictions on lending or servicing activities.

Defendant also made a specific preemption argument related to California Civil Code § 2923.5 for the first time in its reply.[2] The Court declines to consider this

---

[2] Defendant's actions are alleged to be "unfair" under the UCL because they violated § 2923.5. (See FAC ¶ 90.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

argument as it was not included in Defendant's opening memorandum.  See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007).

**D.    The Court Declines to Consider Class Certification Issues at this Time**

While the Court recognizes that it has discretion to consider class certification on Defendant's motion, see Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 939-41 (9th Cir. 2009), it finds that this is not an appropriate case in which to do so because the issue would benefit from full, evidence-based briefing.  The Court doubts, however, that Plaintiff would be an appropriate class representative.

## IV.  CONCLUSION

The motion to dismiss is GRANTED as to Plaintiff's FDCPA and Rosenthal Act claims with leave to amend by August 22.  Failure to amend by that date will result in dismissal of those claims with prejudice.  The motion is DENIED in all other respects. Defendant's responsive pleading is due September 19.

IT IS SO ORDERED.